ACCEPTED
01-15-00215-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/10/2015 8:09:41 AM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00215-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/10/2015 8:09:41 AM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

## No. 1411201
In the 248th District Court
Of Harris County, Texas

———————◆———————

## JOSEPH BAILEY
*Appellant*

v.

## THE STATE OF TEXAS
*Appellee*

———————◆———————

## STATE'S MOTION FOR EXTENSION
## OF TIME TO FILE BRIEF

———————◆———————

To the Honorable Court of Appeals:

The State of Texas, pursuant to Texas Rules of Appellate Procedure 2 and 10.5, moves for an extension of time in which to file its appellate brief. The following facts are relevant:

1. The appellant was indicted for murder. Appellant pled not guilty, but a jury found him guilty of the charged offense and sentenced him to 35 years in the Texas Department of Criminal Justice, and the jury found

the two enhancement paragraphs for sequential penitentiary sentences true. Appellant filed timely notice of appeal.

2. Appellant filed an appellate brief on August 11, 2015.

3. The State's appellate brief is due on September 10, 2015.

4. The undersigned was assigned this case on September 1, 2015, less than two weeks before the original due date.

5. This is the State's **first** request for an extension in this case.

6. Appellant's brief was originally due on May 26, 2015, however, this Court extended appellant's due date after sending a late brief notice; and ultimately, appellant filed his brief almost three months after the original due date.

7. The State requests a single extension of time in which to file its brief, and the undersigned attorney believes that a brief will be filed on or before November 10, 2015. The undersigned requests a lengthier than usual extension for the reasons addressed below, and in hopes of avoiding any further extension requests.

8. The following facts are relied upon to show good cause for an extension of time to allow the State to file its brief:

   a. At present, the Harris County District Attorney's Office employees 15 appellate prosecutors, but one is presently deployed on active military service and unable to carry a caseload. Moreover, the Division Chief is unable to carry a full case load because of his administrative duties. Accordingly, the remaining members of the appellate division are currently assigned a caseload of approximately 58 active cases resulting in an average of 4.5 briefs per prosecutor.

   b. The attorney to whom this case is assigned has four outstanding briefs assigned to her including this one, was recently set for oral argument which will necessitate several days of preparation, and has been scheduled to train Harris

County Prosecutors on how to assist in avoiding jury charge error during the month of October, in addition to her regularly assigned briefing duties.

c. Since appellant filed his brief, the undersigned filed the following briefs in that same timeframe, namely: a lengthy 11 point brief in response on *Richard Ramirez v. State*, No. 01-14-00957-CR, filed a supplemental brief in *Forrest Penton v. State*, No. 14-14-00406-CR, reviewed and filed the brief on a more than 1,100 page record in *Omar Ibrahim*, No. 01-14-00785-CR, and is currently reviewing the lengthy record in *Jose Reyes v. State*, No. 14-14-01002-CR to file a brief in that case next week. She has one other urgent brief in *Leonard Storemski v. State*, No. 14-14-00920 & 00921-CR that must be addressed before she can begin work on this brief.

d. Appellant's brief will take time to not only review the 12 volume record, but also to respond to appellant's ten points of error, many of which have sub-issues in them.

e. The workload of this prosecutor is not out of the ordinary in the appellate division of the Harris County District Attorney's Office.

f. In addition to its assignments in responding to appellate briefs, the appellate division of the Harris County District Attorney's Office also answers questions from trial prosecutors. These questions frequently occur in the middle of or immediately before trial, and therefore other work must be put aside to answer these pressing questions. Harris County has 25 Criminal District Courts and 15 County Criminal Courts at Law, and this particular prosecutor is tasked with answering questions related to Texas Code of Criminal Procedure article 39.14 regarding discovery changes, is one of two prosecutors tasked with answering any juvenile law related questions, and answers questions from five felony courts, the three juvenile courts, and has been lately tasked with addressing questions regarding commitment after incompetency and insanity findings.

g. The undersigned was also recently tasked with assisting the office in responding to H.B. 2398 and S.B. 888. H.B. 2398 significantly changed truancy statutes and affected 38,000 pending truancy cases in Harris County alone. S.B. 888 requires the Texas Supreme Court to draft rules to expedite the resolution of appeals addressing discretionary transfer from juvenile district court to criminal district court. The undersigned acted as the point person for the Office's recommendations to the Texas Supreme Court on suggested rule changes to better accelerate such appeals. She served on the Office's E-File Committee which prepared for the upcoming changes, and has assisted in drafting the written response to the *Order Adopting Proposed Statewide Rules Governing Electronic Filing In Criminal Cases*.

h. The Harris County District Attorney's Office Appellate Division is experiencing a significant workload at present. Appellate prosecutors, including the undersigned attorney, are working as quickly as possible to complete as many briefs as possible while still addressing all the issues raised by appellants, as thoroughly as necessary to see that justice is done on each appeal. Because of the high workload per prosecutor, as well as the greater length and complexity of appeals being brought in this county, it often takes longer to process all of the assigned cases, and more cases require multiple extensions, or in this case a more lengthy extension, before the completion of the State's brief.

WHEREFORE, the State prays that this Court will grant the requested extension until November 10, 2015.

Respectfully submitted,

/s/ *Jessica A. Caird*

**JESSICA A. CAIRD**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
caird_jessica@dao.hctx.net
TBC No. 24000608

## CERTIFICATE OF SERVICE

I certify that I have requested that efile.txcourts.gov electronically serve a

copy of this motion to:

Lana Gordon
Attorney at Law
3730 Kirby, Ste. 1120
Houston, TX  77098
LANAGORDONLAW@AOL.COM

/s/ *Jessica A. Caird*

**Jessica A. Caird**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
caird_jessica@dao.hctx.net
TBC No. 24000608

Date: September 10, 2015